IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| HAROLD G. LOVELACE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No: | 3:06-CV-392 |
| | ) | | (VARLAN/SHIRLEY) |
| MICHAEL S. ASTRUE, Commissioner of Social Security, | ) ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 17] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley. [Doc. 16]. Magistrate Judge Shirley found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record and accurately reflects all the plaintiff's credible limitations. [*Id.*]. Accordingly, Magistrate Judge Shirley recommended that plaintiff's motion for summary judgment [Doc. 12] be denied and that defendant Commissioner's motion for summary judgment [Doc. 14] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the decision of the Administrative Law Judge

("ALJ") be accepted if a reasonable mind might accept the evidence in the record as adequate to support the challenged conclusion. *Smith v. Sec'y of Heath & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If the ALJ's conclusion is supported by substantial evidence, the standard requires that the conclusion must stand regardless of whether the reviewing court would have reached a different conclusion. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). If, under the substantial evidence standard, the ALJ's decision must be accepted, the Court is prohibited from inquiring whether the record could support a decision in the plaintiff's favor. *Smith*, 893 F.2d at 108. This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first objects that the ALJ erred in his evaluation of the plaintiff's alleged symptoms, credibility, and pain. Specifically, the plaintiff contends that the ALJ failed to consider the evidence in the record regarding the plaintiff's use of a cane and that the ALJ also failed to consider whether the plaintiff had an underlying medical condition that caused

2

his alleged symptoms. The plaintiff further argues that the ALJ gave no reasoning for his finding that the plaintiff's allegations regarding his limitations were not totally credible.

The record reflects that the plaintiff sought extensive treatment for a number of physical and mental impairments between July 2002 and June 2005. However, the record also reflects only two references to the plaintiff's alleged need to use a cane. [Tr. at 252, 457]. Both of these references consist of the plaintiff's subjective comments and are not accompanied by any medical findings that the use of a cane was medically required. The Sixth Circuit has noted that while a plaintiff's subjective complaints can support a claim for disability, "objective evidence of an underlying medical condition" is also necessary. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 150-51 (6th Cir. 1990). Here, the plaintiff's minimal and subjective comments do not establish a medical need or constitute substantial evidence that the plaintiff needed to use a cane on a consistent or regular basis. Thus, without supporting medical documentation, the ALJ did not err in failing to rely on the plaintiff's subjective allegations. The Court finds that the conclusions of the ALJ, and Judge Shirley, are supported by substantial evidence and the ALJ did not err in finding the plaintiff to be incredible.

The plaintiff also argues that the ALJ failed to give adequate reasoning for his finding that the plaintiff's allegations were not totally credible. The plaintiff contends that the ALJ gave no reasoning for the credibility determination because the ALJ failed to apply the factors listed in 20 C.F.R. § 404.1529(c)(3)(i)-(vii) in determining the credibility of the plaintiff's testimony. The factors set forth in 20 C.F.R. § 404.1529(c)(3)(i)-(vii) are factors,

3

other than objective medical evidence, that are considered by the court in determining the nature and severity of the claimant's alleged impairments and symptoms. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Blanket or inconsistent assertions will not pass muster and the ALJ must explain his specific reasoning for any findings on the claimant's credibility and support such findings by evidence in the case record. *Id.* at 248-9.

The Court notes that the ALJ gave adequate and specific explanations for his findings that the plaintiff's allegations were not totally credible. First, the ALJ specifically noted an incident that occurred on December 31, 2003. [Tr. at 20, 360]. During this incident, in an attempt to avoid arrest, the plaintiff displayed obvious manipulative behavior in a hospital emergency room. [*Id*.]. Treatment notes from the hospital confirm that during this incident the plaintiff was diagnosed with manipulative behavior. [*Id.* at 361]. Second, the ALJ specifically noted that the plaintiff took care of his infant daughter, mowed the lawn, and performed odd jobs, including painting, working on his house, and working on cars. [*Id*. at 21]. The ALJ properly found, as did Judge Shirley, that these specific findings indicate that the plaintiff's allegations were not totally credible. Accordingly, the Court finds that the ALJ's credibility findings are well-supported and that this objection is without merit and will be overruled.

Plaintiff next objects that the ALJ's residual functional capacity [hereinafter "RFC"] determination is not supported by substantial evidence. Social Security Ruling 83-10 defines RFC as:

> A medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s). RFC is the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.

*Id.* In analyzing the ALJ's determination, the Court first reiterates that the substantial evidence standard of review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the challenged conclusions. *Smith*, 823 F.2d at 920. Plaintiff contends that the ALJ cited no evidence in the record to support the RFC finding concerning plaintiff's ability to work. With respect to the plaintiff's RFC, the ALJ found that the plaintiff is able:

> To perform medium work; lifting fifty pounds occasionally and twenty-five pounds frequently, sitting for two hours in an eight-hour day, standing and/or walking for six hours in an eight-hour day, with mild to moderate mental limitations. He may at time have mild difficulty focusing on work. He should avoid working closely with others. He should not do work requiring frequent changes in the work setting.

[Tr. at 21]. Specifically, the plaintiff contends that the RFC determination is flawed by the ALJ's failure to accord proper weight to the opinions of record, his failure to consider the plaintiff's use of a cane, his failure to consider the plaintiff's lower extremity impairments,

his failure to consider plaintiff's hand tremors, and his failure to properly consider the plaintiff's mental impairments.

The plaintiff's first argument, that the ALJ failed to accord proper weight to the medical and lay opinions in the record, is without merit. The Court notes that there are no medical or lay opinions in the record that contradict the ALJ's RFC findings. For instance, the opinion of Dr. Johnson, who saw plaintiff in November 2003, indicated that the plaintiff would have a mild lifting restriction based on back pain and bilateral knee pain, but did not specify as to what exactly this restriction would be. [Tr. at 337]. The Court finds the ALJ's RFC determination reasonable in light of this medical opinion. Further, with respect to the plaintiff's argument that the ALJ's RFC determination is flawed because it failed to consider certain physical impairments, such as lower extremity impairments, restless leg syndrome, and hand tremors, the Court finds that there are no specific restrictions set forth in the plaintiff's medical records that contradict the ALJ's determination.

As to plaintiff's argument in regard to his mental limitations, the ALJ considered the evidence of record and took into consideration the medical opinions in the record concerning plaintiff's mild problems focusing on work, his problems working with others, and his problems with adaptability and flexibility. [Tr. 23, Finding 6]. The limitations set forth in the RFC, that plaintiff might have "mild difficulty focusing on work," "should avoid working closely with others," and that "[h]e should not do work requiring frequent changes in the work setting," [Tr. at 21] adopt the concerns expressed by Drs. Castellani and Humphreys that the plaintiff may be moderately limited in his ability to interact appropriately with others,

may have difficulty concentrating, and may be mildly limited in the amount of flexibility he is able to tolerate in his workplace. [Tr. 326-32, 429-34]. Judge Shirley noted that none of the other mental health professionals who evaluated the plaintiff set out any significant findings or restrictions as to plaintiff's mental limitations. Accordingly, the Court finds that there is significant evidence to support the RFC determination and thus this objection is also without merit and will be overruled.

Finally, the plaintiff contends that the hypothetical question posed to the vocational expert [hereinafter "VE"] is also flawed because the ALJ failed to consider the evidence of record regarding plaintiff's physical and mental impairments. Specifically, the plaintiff argues that the hypothetical question posed to the VE did not include all of the limitations found in the ALJ's RFC determination, such as the limitation that the plaintiff can only sit for two hours in an eight-hour workday. The Court first notes that the ALJ may rely on the testimony of a VE in response to a hypothetical question but only if the question accurately portrays the claimant's physical and mental impairments. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). A hypothetical question need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments. *See Roe v. Chater*, 92 F.3d 672, 676 (8th[h] Cir. 1996); *Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir. 1985).

The ALJ determined that the plaintiff could stand or walk for six hours out of an eight-hour day, while sitting for two hours. This limitation was accurately reflected in the ALJ's hypothetical question by asking the expert to assume that the plaintiff could perform

7

medium work. *See* 20 C.F.R. § 416.967(b)-(c) (defining light and medium work as including "a good deal of walking or standing"); *Alford v. Sec. of Health & Human Servs.*, 1987 WL 38860 at *4 (6th Cir. Oct 30, 1987) (per curiam) ("because the medium work definition incorporates the definition for light work, an individual found capable of performing a full range of medium work must have the ability to do 'a good deal of walking or standing,' which according to Social Security Rule 83-10, means standing or walking, on and off, for roughly six hours out of an eight-hour day"). Accordingly, the Court finds that the hypothetical question posed to the VE matches the RFC assessment and that the RFC assessment was supported by substantial evidence in the record and accurately reflects all of the plaintiff's credible limitations. *See Varley v. Sec. of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The record reflects that the ALJ's hypothetical question was reasonable in light of the record as a whole and therefore this objection is overruled.

Plaintiff's final objection is that the ALJ inappropriately adjudicated plaintiff's case in light of the evidence of record, and that Judge Shirley erred when he determined that the decision of the ALJ is supported by substantial evidence. The Court disagrees. Indeed, the record reflects that the ALJ's decision is supported by the evidence as a whole and should be affirmed. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392-93 (6th Cir. 2004).

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections, deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying

8

plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE